**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DOROTHY MORGAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-2844-BCL-tmp |
| | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is Defendant Federal Express Corporation's ("FedEx") Motion for Summary Judgment, filed October 15, 2025.[1] (ECF No. 30.) *Pro se* Plaintiff Dorothy Morgan filed her response in opposition on November 21, 2025, and FedEx filed their reply on November 26, 2025. (ECF Nos. 32, 34.) Morgan then filed a sur-reply on December 9, 2025. (ECF No. 35.) For the reasons below, the undersigned recommends that FedEx's motion be granted.

## I.    PROPOSED FINDINGS OF FACT

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate. In her filings, Morgan raises the concern that she "did not consent to have a Magistrate Judge preside over her case[.]" (ECF No. 32 at PageID 174, 183.) The undersigned is not addressing this motion based on the parties' consent under 28 U.S.C. § 636(c), but instead based on the power of a district judge to refer dispositive motions to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## A.    Procedural Background

Morgan filed her complaint on November 11, 2024, alleging race, color, and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et seq.*[2] (ECF No. 2 at PageID 4-5.) Using the form provided by the Clerk's office to assist *pro se* litigants, Morgan wrote that she was employed by FedEx until they terminated her employment on October 25, 2023. (Id. at PageID 5-6.) Morgan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 11, 2024, and received a Right-to-Sue Letter on September 18, 2024. (ECF No. 30-4 at PageID 157, ECF No. 2 at PageID 7.) In her Charge of Discrimination, Morgan contended that FedEx's alleged discriminatory conduct was based on her age, her disability, and retaliation for protected activity. (ECF No. 30-4 at PageID 156.) She stated that she "believe[d] [she] ha[d] been discriminated and retaliated against because of [her] age (62) and disability in

---

[2]Morgan also filed a Motion for Leave to Proceed *in forma pauperis*, which the undersigned granted on November 14, 2024. (ECF Nos. 3, 7.)

violation of the Americans with Disabilities Act Amendments Act and the Age Discrimination in Employment Act." (Id.)

**B.    FedEx's Motion for Summary Judgment**

FedEx filed their Motion for Summary Judgment on October 15, 2025. (ECF No. 30.) In their motion, they argue that there are no material issues of fact warranting a trial because Morgan "failed to file a timely Charge of Discrimination against FedEx relating to **any** of the discrimination claims asserted in her Complaint[,]" "failed to exhaust her administrative remedies with respect to the Title VII claims for race, color, and gender/sex discrimination asserted in her Complaint[,]" and "has no proof to support her claims of age, disability or retaliation discrimination." (ECF No. 30 at PageID 87 (emphasis in original).) As to their first argument, FedEx states that all of Morgan's discrimination claims are time-barred because she filed her Charge of Discrimination more than 300 days after the alleged discriminatory acts. (ECF No. 30-1 at PageID 93 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Amini v. Oberlin, 259 F.3d 493, 498 (6th Cir. 2001); Tartt v City of Clarksville, 149 F. App'x 456, 460 (6th Cir. 2005)).)

Next, FedEx states that in her Charge of Discrimination, Morgan only stated: "I believe I have been discriminated and retaliated against because of my age (62) and disability in violation of the Americans with Disabilities Act and the Age

- 3 -

Discrimination in Employment Act[,]" and that in in the "Discrimination Based On:" section, she wrote only: "Age, Disability, Retaliation." (Id. at PageID 94.) FedEx argues that because Morgan's Charge of Discrimination did not include the allegations of race, color, and gender/sex discrimination that appear in her complaint, Morgan failed to exhaust her administrative remedies regarding those claims, and they are not permitted to be brought for the first time in this lawsuit. (Id. (citing Hoover v. Timpken Co., 30 F. App'x 511, 513 (6th Cir. 2002)).) FedEx's final argument for summary judgment is that even if Morgan's Charge of Discrimination had been timely filed, she lacks proof to support her claims because those claims are either based on speculation or fail to make out a *prima facie* case of discrimination. (Id. at PageID 94-967.)

In her response, filed November 21, 2025, Morgan cites to a Sixth Circuit decision, which she refers to as Atkins v. Dolgencorp, LLC, 984 F.3d 783 (6th Cir. 2018), although at other places in her response she cites the year of the decision as 2020. (ECF No. 32 at PageID 177.) It appears to the court that Morgan intended to refer to EEOC v. Dolgencorp, LLC, 899 F.3d 428 (6th Cir. 2018). Morgan states that, like in Dolgencorp, she provided direct evidence of disability discrimination because she "informed FedEx management of her diabetic condition, experienced a medical emergency at work, and was terminated for 'attendance.'" (ECF No.

- 4 -

32 at PageID 177.) She argues that because of this, FedEx was on notice about her condition and had an "affirmative duty to engage in the interactive process," which she alleges they failed to do. Id. Morgan further argues that, as in Dolgencorp, she was not given reasonable accommodations for her disability, which led to her absences, and that "terminating a diabetic employee for absences caused by her disability constitutes discrimination under the ADA because the employer's refusal to accommodate led directly to the very absences it later punished." (Id. at PageID 178.)

Moreover, Morgan appears to dispute FedEx's arguments that she failed to exhaust her administrative remedies and that her claims are time-barred. (Id. at PageID 379.) Although she states that her EEOC "filing was well within the statutory deadline, as the ADA and ADEA permit charges to be filed within 300 days of the alleged discriminatory act in states with a Fair Employment Practices agency, such as Tennessee[,]" she also acknowledges that "[s]he filed an EEOC Charge of Discrimination on September 11, 2024, more than 300 days after her termination on October 25, 2023." (Id.) She further states that the EEOC issued her a Right-to-Sue Letter on September 18, 2024, and that she filed this case within ninety days of her receipt of that letter. (Id.)

FedEx filed a reply on November 26, 2025. (ECF No. 34.) They argue that because Morgan failed to respond to each fact in their Statement of Undisputed Material Facts in Support of their Motion

- 5 -

for Summary Judgment in compliance with Local Rule 56.1(b), all the facts asserted in that Statement should be deemed undisputed for the purposes of their Motion for Summary Judgment.[3] (Id. at PageID 189.) Further, they state that because Morgan admits that her Charge of Discrimination was filed more than 300 days after the alleged discriminatory acts, all of her claims are time-barred and should be dismissed.

Morgan filed a sur-reply on December 9, 2025, without leave of court. (ECF No. 35.) In that sur-reply, she states that FedEx did not file a Statement of Undisputed Material Facts, despite the fact that FedEx filed a Statement of Undisputed Material Facts along with their Motion for Summary Judgment, on October 15, 2025. (ECF No. 30-2.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a

---

[3]As the undersigned recommends dismissal because Morgan's claims are time-barred and she failed to exhaust her administrative remedies, this report and recommendation does not reach FedEx's argument that Morgan fails to make out a *prima facie* claim of age discrimination, retaliation.

reasonable jury could return a verdict for the nonmoving party."
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Leath
v. Collins, No. 25-1408, 2026 WL 228827, at *4 (6th Cir. Jan. 28,
2026). The moving party bears the initial burden to "demonstrate
the absence of a genuine issue of material fact." Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986); Hightower-Mathis v. Nextcare
Mich. Providers, PLLC, No. 25-1623, 2026 WL 126494, at *3 (6th
Cir. Jan. 16, 2026). "Once the moving party has presented evidence
sufficient to support a motion for summary judgment, the nonmoving
party is not entitled to trial merely on the basis of allegations;
significant probative evidence must be presented to support the
complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991);
Phippen v. Rutherford Cnty. Adult Det. Ctr., No. 3:24-cv-00781,
2026 WL 220826, at *2 (M.D. Tenn. Jan. 5, 2026), report and
recommendation adopted sub nom. Phippen v. Rutherford Cnty., No.
3:24-cv-00781, 2026 WL 213671 (M.D. Tenn. Jan. 27, 2026). Rule
56(c) provides that a party must support an assertion of fact by
citing to materials in the record, "including depositions,
documents, electronically stored information, affidavits or
declarations, stipulations (including those made for purposes of
the motion only), admissions, interrogatory answers or other
materials[,]" or a party must show "that the materials cited do
not establish the absence or presence of a genuine dispute, or

- 7 -

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

When analyzing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Huckaby v. Priest, 636 F.3d 211, 216 (6th Cir. 2011) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)); Phippen, 2026 WL 220826, at *3. In doing so, the court may not make credibility determinations or weigh the evidence. Jordan v. Kohl's Dep't Stores, Inc., 490 F. App'x 738, 741 (6th Cir. 2012) (citing Anderson, 477 U.S. at 255); Harrell v. Equifax Info. Servs., LLC, No. 1:25-CV-01155, 2025 WL 3260516, at *1 (W.D. Tenn. Nov. 3, 2025), report and recommendation adopted, No. 1:25-CV-01155, 2025 WL 3258632 (W.D. Tenn. Nov. 21, 2025). Rather, it must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Block v. Meharry Med. Coll., 723 F. App'x 273, 277 (6th Cir. 2018) (quoting Anderson, 477 U.S. at 251-52); Harrell, 2025 WL 3260516, at *1.

## B.    EEOC Limitations Period

"Employment discrimination claims under Title VII, the ADEA, and the ADA are all subject to the limitations period in 42 U.S.C. § 2000e-5." Sharif-Mitchell v. Memphis Light, Gas & Water, No. 20-cv-2400, 2023 WL 2724240, at *3 (W.D. Tenn. Mar. 30, 2023)

(citing Amini, 259 F.3d at 498 (Title VII and ADEA); Booth v. Nissan N. Am., Inc., 927 F.3d 387, 392 (6th Cir. 2019) (ADA)). Section 2000e-5 "provides that a charge of discrimination must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the allegedly unlawful employment practices." Id. (citing 42 U.S.C. § 2000e-5(e)(1)). However, if "the charge of discrimination is also filed with 'a State or local agency with authority to grant or seek relief from' the unlawful employment practice, the employee has 300 days to file." Id. (citing 42 U.S.C. § 2000e-5(e)(1)). After a Charge of Discrimination is filed, the EEOC generally issues a Right-to-Sue Letter. Id. (citing 42 U.S.C. § 2000e-5(f)(1)). The aggrieved employee then has ninety days from the day they receive the Right-to-Sue Letter to file suit. Id. (citing 42 U.S.C. § 2000e-5(f)(1)).

In her complaint, Morgan alleges that FedEx's discriminatory conduct included the termination of her employment, failure to accommodate her disability, and retaliation. (ECF No. 2 at PageID 4.) She further claims that the alleged discriminatory conduct occurred on October 25, 2023, the date she was terminated from FedEx. (Id.) Neither her complaint nor her Charge of Discrimination allege that any discriminatory conduct occurred after this date. (See ECF Nos. 2 at PageID 4; 30-4 at PageID 156.) On the form she used to file her complaint, Morgan also checked a box stating that

- 9 -

she believed FedEx is still committing discriminatory conduct against her, but she never explains or provides evidence as to any alleged continuing conduct. Therefore, the undersigned will regard October 25, 2023, as the very last day on which the alleged discriminatory conduct occurred.

Morgan filed her Charge of Discrimination with the EEOC and the Tennessee Human Rights Commission. (ECF Nos. 30-4 at PageID 156; 32 at PageID 174, 179.) She had 300 days from the date of her termination from FedEx—the alleged discriminatory action—to file her Charge of Discrimination with the EEOC. This requirement is separate and additional to the requirement that a complaint must be filed within ninety days of the issuance of a Right-to-Sue Letter. Here, although Morgan did file her suit within ninety days of when she received her Right-to-Sue Letter, she did not file her EEOC Charge of Discrimination within 300 days of her termination from her position at FedEx. Morgan was terminated on October 25, 2023. (ECF Nos. 30-2 at PageID 100; 32 at PageID 174.) Three hundred days after October 25, 2023, was August 20, 2024. Morgan did not file her Charge of Discrimination until September 11, 2024, 322 days after her termination. (ECF Nos. 30-2 at PageID 100; 32 at PageID 179.) In fact, Morgan admits in her response to FedEx's Motion for Summary Judgment that "[s]he filed an EEOC Charge of Discrimination on **September 11, 2024,** more than 300 days after her termination on October 25, 2023." (ECF No. 32 at PageID 179

(emphasis in original).) Because Morgan's Charge of Discrimination was filed with the EEOC more than 300 days after the alleged discriminatory conduct, it was not timely filed, and her complaint is time-barred and should be dismissed on this basis alone.[4]

## C.    Exhaustion of Administrative Remedies

"Under Title VII, a plaintiff must exhaust their administrative remedies by filing a discrimination charge with the [EEOC] and obtaining a right-to-sue letter before bringing suit in federal court." Mezu-Chukwu v. Mercy Health Physicians Youngstown, LLC, No. 4:24-CV-02213, 2026 WL 554541, at *3 (N.D. Ohio Feb. 27, 2026) (citing 29 U.S.C. § 626(d)-(e); 42 U.S.C. § 2000e-5(e)-(f); Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731–32 (6th Cir. 2006)). In this case, Morgan's Charge of Discrimination mentioned only discrimination based on age, disability, and retaliation. (ECF No. 30-4 at PageID 156.) However, her complaint also adds allegations of race, color, and gender/sex discrimination. (ECF No. 2 at PageID 4.) Because race, color, and sex/gender discrimination were not mentioned in Morgan's Charge of Discrimination, and her age, disability, and retaliation claims would not have put the EEOC on notice to investigate claims of race, color, or gender discrimination, those new claims should be

---

[4]Morgan does not argue that equitable tolling should apply, and the undersigned finds no basis to apply equitable tolling to excuse the time-barred complaint.

- 11 -

dismissed on these grounds as well. See Barnett-Morgan v. Inverness Tech., Inc., No. 25-5669, 2026 WL 1651178, at *7 (6th Cir. June 8, 2026) (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010)).

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that FedEx's motion for summary judgment be granted and all of Morgan's claims dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 23, 2026
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**