**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**DOROTHY MORGAN**,

    *Plaintiff*,

    v.                                   Case No. 2:24-cv-02844-BCL-tmp

**FEDERAL EXPRESS CORPORATION**,

    *Defendant*.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered June 23, 2026.[1] Doc. 41. The Report recommends granting Plaintiff's Motion for Summary Judgment. Doc. 30. Plaintiff filed timely objections to the Chief Magistrate Judge's recommendation. Doc. 32. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 32) and **ADOPTS** the Report and Recommendation. Doc. 41. Therefore, Plaintiff's Motion for Summary Judgment (Doc. 30) is **GRANTED** and this case is **DISMISSED**.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive

---

[1] The case was assigned to Judge Jon Phipps McCalla when it was filed in 2004. Doc. 1. The case was reassigned to Judge Mark S. Norris in June 2025. Doc. 22. Judge Norris immediately recused himself and the case was reassigned to Chief Judge Sheryl H. Lipman. Docs. 23, 24. Chief Judge Lipman then recused herself and transferred the case to Judge Thomas L. Parker, also in June 2025. Docs. 25, 26. Judge Parker transferred the case to the undersigned in March 2026. Doc. 40.

orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## ANALYSIS

When her Objections to the Magistrate Judge's Report and Recommendation are liberally construed, Plaintiff raises three objections to Chief Magistrate Judge Pham's Report and Recommendation that summary judgment should be granted for Defendant on all of Plaintiff's claims because Plaintiff failed to timely file a Charge of Discrimination with the Equal Employment Opportunity Commission within 300 days of her October 25, 2023 termination by Defendant.[2]  Doc. 41 at 2, 5, 8-11, 12.  Plaintiff finally filed her Charge on September 11, 2024, and received a Right-to-Sue Letter on September 18, 2024. Doc. 41 at 2. Plaintiff then filed this lawsuit on November 1, 2024. Doc. 1.

---

[2] Chief Magistrate Judge Pham also recommended that summary judgment be granted on some of Plaintiff's claims—for "race, color, and gender/sex discrimination"—because Plaintiff failed to present those claims to the EEOC at all, such that they fail for lack of administrative exhaustion.  Doc. 41 at 4, 11-12.  Plaintiff does not object to this part of the Magistrate Judge's recommendation, which independently supports summary judgment on those claims. The Court therefore **ADOPTS** this part of the Report and Recommendation, and summary judgment is **GRANTED** on the claims of race, color, and gender/sex discrimination on the independently sufficient basis of lack of administrative exhaustion. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Chief Magistrate Judge Pham did not reach Defendant's argument that Plaintiff otherwise failed to make out prima facie claims of discrimination and retaliation (Doc. 41 at 6 n.3); the undersigned likewise does not reach those independent arguments for summary judgment.

Plaintiff does not object to those facts.  Nor does she deny that failure to timely file a Charge of Discrimination would be fatal to her claims.  The Court therefore accepts those facts, and that rule of law, as a given in addressing Plaintiff's three identifiable objections. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Each of those three objections is addressed below, but the bottom line is that the Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds no error in the Chief Magistrate Judge's analysis or conclusions.

*First*, Plaintiff objects that the Chief Magistrate Judge's Recommendation "does not discuss the effect of Tennessee's work-sharing agreement as interpreted in" "*Jones v. Federal Express Corp.*, 962 F.3d 1051 (6th Cir. 2020)." Doc. 42 at 2.  According to Plaintiff, *Jones* "explained that Tennessee's EEOC-THRC work-sharing agreement is self-executing, such that filing a charge with the EEOC automatically institutes and terminates corresponding state proceedings." *Id.*

This objection is **OVERRULED.**  The citation Plaintiff provided is to *Ortiz v. Barr*, 962 F.3d 1045 (8th Cir. 2020), a seemingly irrelevant criminal case from the Eighth Circuit; Plaintiff presumably means to cite *Jones v. Fed. Express Corp.*, 952 F.3d 815 (6th Cir. 2020). But, as relevant here, *Jones* merely confirms the 300-day deadline for filing a Charge: "[T]he limitation period expands to 300 days when the plaintiff is deemed to have initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." *Id.* at 818. *Jones* says nothing to suggest that Plaintiff met that deadline, or that it should be adjusted in a way relevant here, or that her noncompliance is somehow excused.

*Second*, Plaintiff objects that "the Report and Recommendation" did not consider "all the available EEOC administrative records, particularly the EEOC Inquiry Information reflecting an 'Approximate Deadline for Filing a Charge' of September 26, 2024." Doc. 42 at 2. Plaintiff argues

that the Inquiry Information—the only EEOC document she identifies—creates a material issue of fact concerning timeliness of the Charge because her September 11, 2024 Charge was within the Approximate Deadline provided in the Inquiry Information. Doc. 42 at 2-3.

This objection is **OVERRULED**. Plaintiff has provided no support for the proposition that a self-described "approximate deadline" in an online form can displace a deadline established by statute, like the deadline for filing a Charge with the EEOC. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024). And that is especially true here, where the "approximate deadline for filing a charge" is calculated from an incorrect baseline inputted by Plaintiff: Plaintiff listed the "Date of Incident (Approximate)" as "12/01/2023"—300 days before the "Approximate Deadline for Filing a Charge" of "9/24/2024"—and not the October 25, 2023 date of her termination. An inaccurate approximate deadline based on Plaintiff's inaccurate completion of a form cannot suffice to defeat summary judgment because no reasonable jury could rely on it.

*Third*, Plaintiff objects that the deadline for filing a Charge should be equitably tolled. Doc. 42 at 2. This objection is **OVERRULED** for three reasons.  One, Plaintiff forfeited this argument by failing to present it to Chief Magistrate Judge Pham before issuance of the Report and Recommendation.  Doc. 41 at 11 n.4; *see Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Two, Plaintiff even now makes this argument only in passing—in a single sentence without citation to authority or facts—and therefore has forfeited the argument.  *See Shirvell v. Gordon*, 602 F. Appx. 601, 606 (6th Cir. 2015). And, finally, to the extent Plaintiff means to again rely on the EEOC Inquiry Information form, the argument fails for the reasons given in the paragraph immediately preceding this one.

## CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** the Report and Recommendation. Doc 41. Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED.** Entry of judgment for Defendant will follow.

**IT IS SO ORDERED**, this 9th day of July, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE